TROUTMAN PEPPER
HAMILTON SANDERS LLP
Chad R. Fuller, Bar No. 190830
Chad.fuller@troutman.com
11682 El Camino Real, Suite 400
San Diego, CA  92130-2092
Telephone: 858-509-6000
Facsimile:  858-509-6040

*Attorneys for Defendants*
*Wakpamni Lake Community Corporation,*
*Wakpamni Lake Community Corporation II a/k/a*
*WLCC II d/b/a Arrowhead Advance, Raycen*
*American Horse Raynes f/k/a Raycen Ballard and*
*Geneva Lone Hill*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AILEEN MARQUEZ,<br>Individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>    v.<br><br>WAKPAMNI LAKE COMMUNITY CORPORATION; and WAKPAMNI LAKE COMMUNITY CORPORATION II a/k/a WLCC II d/b/a ARROWHEAD ADVANCE; and RAYCEN AMERICAN HORSE RAINES f/k/a RAYCEN BALLARD; and GENEVA LONE HILL,<br><br>            Defendants. | Case No.  3:21-cv-00525-WQH-KSC<br><br>**DEFENDANTS WAKPAMNI LAKE COMMUNITY CORPORATION, WAKPAMNI LAKE COMMUNITY CORPORATION II A/K/A WLCC II D/B/A ARROWHEAD ADVANCE, RAYCEN AMERICAN HORSE RAYNES F/K/A RAYCEN BALLARD AND GENEVA LONE HILL'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT** |

Defendants, Wakpamni Lake Community Corporation ("WLCC"), Wakpamni Lake Community Corporation II a/k/a WLCC II d/b/a Arrowhead Advance ("Arrowhead"), Raycen American Horse Raynes f/k/a Raycen Ballard and Geneva Lone Hill (collectively "Defendants"), specially appearing by and through their

undersigned counsel, and contesting the claim of personal jurisdiction over them, submit the following Answer to Plaintiff's Complaint ("Complaint"). [1]

Defendants deny, generally and specifically, any and all allegations in the Complaint not specifically admitted in the paragraphs below. Defendants further state that their investigation of the present matter is ongoing. Accordingly, Defendants reserve the right to amend this Answer. Defendants deny any and all allegations contained in the headings and/or unnumbered paragraphs in the Complaint.

In response to the numbered paragraphs in the Complaint, Defendants state as follows:

**INTRODUCTION**

1.     Defendants admit Plaintiff purports to bring this action against them under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962 ("RICO"), the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), the Unfair Competition Law, CAL. BUS. & PROF. CODE §§ 17200 *et. seq.* ("UCL"), and the Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE § 1788, *et seq.* ("RFDCPA" or "Rosenthal Act"). Defendants deny any remaining allegations in Paragraph 1 of the Complaint, including that they violated RICO, the TCPA, the UCL, the Rosenthal Act, or any other violation of the law.

2.     Defendants deny the allegations in Paragraph 2 of the Complaint.

3.     Defendants deny the allegations in Paragraph 3 of the Complaint.

4.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint and therefore, denies the same.

---

[1] WLCC is an arm of the Oglala Sioux Tribe, a federally recognized tribe. By filing this Answer, WLCC expressly preserves its defense of sovereign immunity. No court has jurisdiction over WLCC and thus WLCC does not consent to jurisdiction or waive its immunity.

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT

5.      The allegations in Paragraph 5 of the Complaint, including the allegations in footnote 1 of the Complaint, state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 5 of the Complaint, including the allegations in footnote 1 of the Complaint, are denied.

6.      The allegations in Paragraph 6 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 6 of the Complaint are denied.

7.      The allegations in Paragraph 7 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 7 of the Complaint are denied.

8.      The allegations in Paragraph 8 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 8 of the Complaint are denied.

9.      Defendants deny the allegations in Paragraph 9 of the Complaint.

**JURISDICTION AND VENUE**

10.     Defendants deny violating any federal statutes, including RICO.  The remaining allegations in Paragraph 10 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the remaining allegations in Paragraph 10 of the Complaint are denied.

11.     The allegations in Paragraph 11 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 11 of the Complaint are denied.

12.     Defendants deny committing any unlawful practices or violations of law.  The remaining allegations in Paragraph 12 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the remaining allegations in Paragraph 12 of the Complaint are denied.

DEFENDANTS' ANSWER AND
AFFIRMATIVE DEFENSES TO THE
COMPLAINT

**PARTIES**

13.     Defendants admit Plaintiff is a natural person.  Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 13 of the Complaint and therefore, deny the same.

14.     Defendants admit that WLCC is a tribal corporation and an arm of the Oglala Sioux Tribe.  Defendants deny the remaining allegations in Paragraph 14 of the Complaint.

15.     Defendants admit Arrowhead is a wholly-owned subsidiary of WLCC and is an arm of the Oglala Sioux Tribe.  Defendants deny the remaining allegations in Paragraph 15 of the Complaint.

16.     Defendants admit Defendant Raines is a natural person and that he is a member of the Oglala Sioux Tribe.  Upon information and belief, Defendants further admit that Raines officially completed enrollment in the Oglala Sioux Tribe in or around 2011; however, Raines has been eligible for enrollment since birth.

17.     Defendants admit Defendant Raines' legal name is Raycen American Horse Raines and that he is a member of the Oglala Sioux Tribe. Defendants deny the remaining allegations in Paragraph 17 of the Complaint.

18.     Defendants admit Defendant Hill is a natural person residing in the Pine Ridge Reservation in South Dakota and is a member of the Oglala Sioux Tribe.

19.     The allegations in Paragraph 19 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 19 of the Complaint are denied.

20.     Defendants deny the allegations in Paragraph 20 of the Complaint.

21.     Defendants deny the allegations in Paragraph 21 of the Complaint.

22.     Defendants deny the allegations in Paragraph 22 of the Complaint.

**GENERAL ALLEGATIONS**

23.     The allegations in Paragraph 23 of the Complaint state conclusions of law, to which no response is deemed to be

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT

required, the allegations in Paragraph 23 of the Complaint are denied. Defendants deny that they operate a RICO enterprise, deny that they intentionally obscure their actions to hide any criminal enterprise, and deny any alleged RICO activity.

24.     Defendants deny the allegations in Paragraph 24 of the Complaint.

25.     Defendants deny the allegations in Paragraph 25 of the Complaint.

26.     The allegations in Paragraph 26 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 26 of the Complaint are denied.

27.     Defendants deny the allegations in Paragraph 27 of the Complaint.

28.     Defendants admit that Defendant Hill is President of the WLCC and Defendant Raines is the CEO of WLCC.  Defendants deny the remaining allegations in Paragraph 28 of the Complaint.

29.     The allegations in Paragraph 29 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 29 of the Complaint are denied.

30.     The allegations in Paragraph 30 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 30 of the Complaint are denied.

31.     The allegations in Paragraph 31 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 31 of the Complaint are denied.

32.     The allegations in the first sentence of Paragraph 32 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 32 of the Complaint are denied.  Defendants deny the remaining allegations in Paragraph 32 of the Complaint.

33.     Defendants deny the allegations in Paragraph 33 of the Complaint.

34.     Defendants deny the allegations in Paragraph 34 of the Complaint.

DEFENDANTS' ANSWER AND
AFFIRMATIVE DEFENSES TO THE
COMPLAINT

35.    Defendants deny the allegations in Paragraph 35 of the Complaint.

36.    Defendants deny the allegations in Paragraph 36 of the Complaint.

37.    Defendants deny the allegations in Paragraph 37 of the Complaint.

38.    Defendants deny the allegations in Paragraph 38 of the Complaint.

39.    The allegations in Paragraph 39 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 39 of the Complaint are denied.

40.    The allegations in Paragraph 40 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 40 of the Complaint are denied.

41.    The allegations in Paragraph 41 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 41 of the Complaint are denied.

42.    Defendants deny the allegations in Paragraph 42 of the Complaint.

43.    Defendants deny the allegations in Paragraph 43 of the Complaint.

44.    The allegations in Paragraph 44 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 44 of the Complaint are denied.

45.    Defendants admit Arrowhead issues lawful loans. Defendants deny the remaining allegations in Paragraph 45 of the Complaint.

46.    The allegations in Paragraph 46 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 46 of the Complaint are denied.

47.    Defendants admit that Plaintiff obtained a loan from WLCC II d/b/a Arrowhead Advance on January 3, 2017. The remaining allegations in Paragraph 47 of the Complaint particularly with respect to the term "consumer loan" state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 47 of the Complaint are denied.

48.     Defendants deny any loan issued by Arrowhead was unlawful or violated state or federal law. The remaining allegations in Paragraph 48 refer to a document that speaks for itself.  Defendants deny the allegations to the extent they are inconsistent with the contents of the document.

49.     Defendants deny any loan issued by Arrowhead was unlawful or violated state or federal law and that Plaintiff incurred any financial harm as a result of Defendants' conduct. Defendants deny that Plaintiff was *required* to pay the minimum amount alleged in Paragraph 49 and deny that Plaintiff repaid $1,335.73. Defendants deny the remaining allegations in Paragraph 49 of the Complaint.

50.     Defendants admit that Plaintiff obtained a loan from WLCC II d/b/a Arrowhead Advance on July 29, 2020.  The remaining allegations in Paragraph 50 of the Complaint particularly with respect to the term "consumer loan" state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 50 of the Complaint are denied.

51.     Defendants deny any loan issued by Arrowhead was unlawful or violated state or federal law. The remaining allegations in Paragraph 51 refer to a document that speaks for itself. Defendants deny the allegations to the extent they are inconsistent with the contents of the document.

52.     Defendants deny any loan issued by Arrowhead was unlawful or violated state or federal law and that Plaintiff incurred any financial harm as a result of Defendants' conduct. Defendants deny that Plaintiff was *required* to pay the minimum amount alleged in Paragraph 52.  Defendants admit that Plaintiff repaid a portion of the loan.   Defendants deny the remaining allegations in Paragraph 52 of the Complaint.

53.     The allegations in Paragraph 53 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 53 of the Complaint are denied.

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT

54.     The allegations in Paragraph 54 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 54 of the Complaint are denied.

55.     Defendants deny the allegations in Paragraph 55 of the Complaint.

56.     Defendants deny the allegations in Paragraph 56 of the Complaint.

57.     Defendants deny the allegations in Paragraph 57 of the Complaint.

58.     Defendants deny the allegations in Paragraph 58 of the Complaint.

59.     The allegations in Paragraph 59 of the Complaint refer to a document that speaks for itself.  Defendants deny the allegations to the extent they are inconsistent with the contents of the document.

60.     The allegations in Paragraph 60 of the Complaint refer to a document that speaks for itself.  Defendants deny the allegations to the extent they are inconsistent with the contents of the document.

61.     The allegations in Paragraph 61 of the Complaint refer to a document that speaks for itself.  Defendants deny the allegations to the extent they are inconsistent with the contents of the document.

62.     Defendants deny the allegations in Paragraph 62 of the Complaint.

63.     The allegations in Paragraph 63 of the Complaint refer to a document that speaks for itself.  Defendants deny the allegations to the extent they are inconsistent with the contents of the document.

64.     The allegations in Paragraph 64 of the Complaint refer to a document that speaks for itself.  Defendants deny the allegations to the extent they are inconsistent with the contents of the document.

65.     Defendants deny the allegations in Paragraph 65 of the Complaint.

66.     Defendants deny the allegations in Paragraph 66 of the Complaint.

## CLASS ALLEGATIONS

67.     Defendants incorporate and re-assert the responses in Paragraphs 1 through 66 as if fully stated herein.

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT

68.    Defendants deny the allegations in Paragraph 68 of the Complaint.

69.    Defendants deny the allegations in Paragraph 69 of the Complaint.

70.    Defendants deny the allegations in Paragraph 70 of the Complaint.

71.    The allegations in Paragraph 71 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 71 of the Complaint are denied.

72.    The allegations in Paragraph 72 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 72 of the Complaint are denied.

73.    Defendants admit that Plaintiff purports to assert claims on behalf of herself and a certain proposed class but denies that the proposed class Plaintiff seeks to represent is properly certifiable.  To the extent paragraph 73 can be construed to contain allegations against Defendants, Defendants deny them.

74.    Defendants admit that Plaintiff purports to assert claims on behalf of herself and a certain proposed sub-class but denies that the proposed sub-class Plaintiff seeks to represent is properly certifiable.  To the extent paragraph 74 can be construed to contain allegations against Defendants, Defendants deny them.

75.    Defendants admit that Plaintiff purports to assert claims on behalf of herself and a certain proposed sub-class but denies that the proposed sub-class Plaintiff seeks to represent is properly certifiable.  To the extent paragraph 75 can be construed to contain allegations against Defendants, Defendants deny them.

76.    Defendants admit that Plaintiff purports to assert claims on behalf of herself and a certain proposed sub-class but denies that the proposed sub-class Plaintiff seeks to represent is properly certifiable.  To the extent paragraph 76 can be construed to contain allegations against Defendants, Defendants deny them.

77.    Defendants admit that Plaintiff purports to assert claims on behalf of herself and a certain proposed sub-class but denies that the proposed sub-class

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT

Plaintiff seeks to represent is properly certifiable.  To the extent paragraph 77 can be construed to contain allegations against Defendants, Defendants deny them.

78.    Defendants admit Plaintiff's Complaint sometimes refers to the proposed Class and Sub-Classes collectively as Classes.

79.    Defendants deny the allegations in Paragraph 79, including subparts (A) through (F), of the Complaint.

80.    Defendants deny the allegations in Paragraph 80 of the Complaint.

81.    The allegations in Paragraph 81 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 81 of the Complaint are denied.

## FIRST CAUSE OF ACTION

## VIOLATIONS OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT

## (18 U.S.C. § 1962)

82.    Defendants incorporate and re-assert the responses in Paragraphs 1 through 81 as if fully stated herein.

83.    The allegations in Paragraph 83 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 83 of the Complaint are denied.

84.    The allegations in Paragraph 84 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 84 of the Complaint are denied.

85.    The allegations in Paragraph 85 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 85 of the Complaint are denied.

86.    The allegations in Paragraph 86 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 86 of the Complaint are denied.

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT

87.    The allegations in Paragraph 87 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 87 of the Complaint are denied.

88.    Defendants deny the allegations in Paragraph 88 of the Complaint.

89.    Defendants deny the allegations in Paragraph 89 of the Complaint.

90.    Defendants deny the allegations in Paragraph 90 of the Complaint.

## II.

## SECOND CAUSE OF ACTION

## Violations of the Telephone Consumer Protection Act ("TCPA")

## (47 U.S.C. § 227, et seq.)

91.    Defendants incorporate and re-assert the responses in Paragraphs 1 through 90 as if fully stated herein.

92.    The allegations in Paragraph 92 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 92 of the Complaint are denied.

93.    Defendants deny the allegations in Paragraph 93 of the Complaint.

94.    Defendants deny the allegations in Paragraph 94 of the Complaint.

95.    Defendants deny the allegations in Paragraph 95 of the Complaint.

96.    Defendants deny the allegations in Paragraph 96 of the Complaint.

97.    Defendants deny the allegations in Paragraph 97 of the Complaint.

98.    Defendants deny the allegations in Paragraph 98 of the Complaint.

99.    Defendants deny the allegations in Paragraph 99 of the Complaint.

## III.

## THIRD CAUSE OF ACTION

## FOR VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW

## (CAL. BUS. & PROF. CODE §§ 17200, et seq.)

100.    Defendants incorporate and re-assert the responses in Paragraphs 1 through 99 as if fully stated herein.

101.   The allegations in Paragraph 101 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 101 of the Complaint are denied.

102.   The allegations in Paragraph 102 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 102 of the Complaint are denied.

103.   The allegations in Paragraph 103 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 103 of the Complaint are denied.

## A. "*Unlawful*" Prong

104.   Defendants deny the allegations in Paragraph 104 of the Complaint.

105.   Defendants deny the allegations in Paragraph 105 of the Complaint.

106.   Defendants deny the allegations in Paragraph 106 of the Complaint.

107.   Defendants deny the allegations in Paragraph 107 of the Complaint.

108.   Defendants deny the allegations in Paragraph 108 of the Complaint.

109.   Defendants deny the allegations in Paragraph 109 of the Complaint.

110.   Defendants deny the allegations in Paragraph 110 of the Complaint.

111.   Defendants deny the allegations in Paragraph 111 of the Complaint.

## B. "*Unfair*" Prong

112.   Defendants deny the allegations in Paragraph 112 of the Complaint.

113.   Defendants deny the allegations in Paragraph 113 of the Complaint.

114.   Defendants deny the allegations in Paragraph 114 of the Complaint.

115.   Defendants deny the allegations in Paragraph 115 of the Complaint.

116.   Defendants deny the allegations in Paragraph 116 of the Complaint.

117.   Defendants deny the allegations in Paragraph 117 of the Complaint.

118.   Defendants deny the allegations in Paragraph 118 of the Complaint. Defendants further deny that Plaintiff is entitled to or able to assert any of the requested relief set forth in Paragraph 118 of the Complaint.

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT

119.   Defendants deny the allegations in Paragraph 119 of the Complaint. Defendants further deny that Plaintiff is entitled to or able to assert any of the requested relief set forth in Paragraph 119 of the Complaint.

## IV.

## FOURTH CAUSE OF ACTION

## Violations of the Rosenthal Fair Debt Collections Practices Act ("RFDCPA")

## (Cal. Civ. C. § 1788.17 & 15 U.S.C. § 1692e(2)(A))

120.   The allegations in Paragraph 120 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 120 of the Complaint are denied.

121.   The allegations in Paragraph 121 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 121 of the Complaint are denied.

122.   The allegations in Paragraph 122 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 122 of the Complaint are denied.

123.   The allegations in Paragraph 123 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 123 of the Complaint are denied.

124.   The allegations in Paragraph 124 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 124 of the Complaint are denied.

125.   Defendants deny the allegations in Paragraph 125 of the Complaint.

126.   Defendants deny the allegations in Paragraph 126 of the Complaint.

127.   Defendants deny the allegations in Paragraph 127 of the Complaint. Defendants further Plaintiff is entitled to any relief requested in Paragraph 127 of the Complaint.

1

## PRAYER FOR RELIEF

Defendants deny that Plaintiff and the putative class have been damaged in any way by Defendants or that they are entitled to any of the damages or relief as set forth in the unnumbered paragraph following the "PRAYER FOR RELIEF" header, including any relief requested in subparts (a) through (n), of the Complaint. Defendants further deny that a class can be certified pursuant to Fed. R. Civ. P. 23(b). Defendants deny that Plaintiff is entitled to statutory and punitive damages on each class claim.  Defendants deny that Plaintiff is entitled to a service award, attorneys' fees, and costs, or any other relief.

## JURY TRIAL DEMAND

Defendants admit Plaintiff's Complaint contains a jury demand.  Defendants admit Plaintiff is entitled to a trial by jury.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden of proof or burden not required by law, Defendants allege the following affirmative and other defenses with respect to Plaintiff's claims.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by tribal sovereign immunity.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to allege any abrogation or waiver of tribal sovereign immunity.

### THIRD AFFIRMATIVE DEFENSE

Defendants are immune from the state law of each state listed in the Complaint.

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT

## FOURTH AFFIRMATIVE DEFENSE

Defendants are immune from the Racketeer Influenced and Corrupt Organizations Act.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action fail to join an indispensable party.

## SIXTH AFFIRMATIVE DEFENSE

The Court does not have personal jurisdiction over Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

## EIGHTH AFFIRMATIVE DEFENSE

The Court is not the proper venue or forum in which to hear Plaintiff's claims.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff failed to exhaust the tribal administrative remedies.

## TENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff has agreed to arbitrate this dispute in the original agreement creating the obligation(s), the Complaint violates that agreement and this matter should be dismissed and/or stayed pending arbitration

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring these claims.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to allege applicability of the state laws.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitations and/or waiver.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery to the extent that Plaintiff has failed to mitigate damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

This action may not properly proceed as a class action under Federal Rule of Civil Procedure 23 to the extent that, among other reasons, Plaintiff's claims are not typical of the claims of each putative class member; questions of law and fact allegedly common to the putative class do not predominate over the numerous questions affecting only putative class members; a class action is not superior to other available methods for the fair and efficient adjudication of Plaintiff's claims and any claims of putative class members; Plaintiff and Plaintiff's counsel are unable to fairly and adequately protect the interests of the putative class members; and there are insurmountable difficulties that would be encountered in any attempt to proceed as a class action

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff and the putative class members cannot recover as a class action to the extent to which such class recovery would deprive Defendants of their due process rights to assert individualized defenses to claims of class members.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover from Defendants individually or as a class action for punitive or statutory damages to the extent any award of punitive or statutory damages would be impermissible under the Due Process Clause of the Fifth Amendment to the United States Constitution, and the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, due to the lack of any actual damages suffered by Plaintiff and the gross disparity between the allegations of harm and the size of the claim.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to add or amend its affirmative defenses as more facts come to light during the course of the investigation.

WHEREFORE, Defendants, Wakpamni Lake Community Corporation, Wakpamni Lake Community Corporation II a/k/a WLCC II d/b/a Arrowhead

DEFENDANTS' ANSWER AND
AFFIRMATIVE DEFENSES TO THE
COMPLAINT

Advance, Raycen American Horse Raynes f/k/a Raycen Ballard and Geneva Lone Hill, request that the Court enter an order: (1) dismissing the Complaint with prejudice; (2) awarding Defendants their costs and expenses incurred herein; and (3) awarding Defendants such other and further relief as the Court may deem just and proper.

Dated:    July 26, 2021              TROUTMAN PEPPER HAMILTON
                                     SANDERS LLP


                                     By: */s/ Chad R. Fuller*
                                        Chad R. Fuller
                                        *Attorneys for Defendants*
                                        *Wakpamni Lake Community*
                                        *Corporation, Wakpamni Lake*
                                        *Community Corporation II a/k/a*
                                        *WLCC II d/b/a Arrowhead Advance,*
                                        *Raycen American Horse Raynes f/k/a*
                                        *Raycen Ballard and Geneva Lone Hill*

DEFENDANTS' ANSWER AND
AFFIRMATIVE DEFENSES TO THE
COMPLAINT

117865980